86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Darrell THACKER and Sharon Thacker, Plaintiffs-Appellants,
v.
MENARD, INC., Defendant/Third Party Plaintiff-Appellee,
v.
NATIONAL PLAN SERVICE, INC., Third Party Defendant-Appellee.
 No. 95-2978.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 15, 1996.
Decided May 13, 1996.
 
 Before KANNE, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 This appeal was taken from an order of the United States District Court for the Southern District of Illinois, Benton Division, granting Defendant Menard Inc.'s motion for summary judgment. The court's order was dated July 24, 1995. On the same date, Chief Judge J. Phil Gilbert entered an order entitled "Judgment in a Civil Case," which stated:
 
 
 2
 IT IS ORDERED AND ADJUDGED that defendant's motion for summary judgment has been granted; that judgment is entered on behalf of defendant and against plaintiffs; and that plaintiffs' cause of action is dismissed with prejudice.
 
 
 3
 The court's order made no mention of the third-party claim that Menard had filed against National Plan Service. In addition, nothing in the docket sheet from the district court indicates that the court entered a judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure disposing of the claims of some but not all of the parties.
 
 
 4
 When plaintiffs filed their notice of appeal, this Court ordered them to submit a jurisdictional memorandum addressing the question whether the district court's judgment was a final judgment within the meaning of 28 U.S.C. § 1291. Appellants filed the required memorandum on September 11, 1995, reporting that the district court had entered a default as to the third party defendant National Plan Service on March 3, 1995. They stated further that the third-party complaint alleged claims that were premised upon a finding of liability on the part of Menard, and argued that because the district court ruled in Menard's favor on summary judgment, this effectively disposed of any possible claims against National Plan Service as well. Upon receipt of this memorandum, this Court on September 13, 1995, ordered that the case proceed to briefing and established a briefing schedule. Menard assumed at that point that the Court had resolved any jurisdictional concerns it may have had.
 
 
 5
 At oral argument, we made it clear that the jurisdictional question was still open (as indeed it must be). Pursuant to the Court's order from the bench, the parties filed supplemental memoranda on the question whether the third party National Plan Service had ever formally been dismissed from the case at the district court level. Counsel for the Thackers informed the Court that he had no knowledge beyond the information already noted from the record about the disposition of the third-party complaint. He suggested that since the district court had entered the default against National Plan Service on March 3, 1995, and had indicated that the dismissal of plaintiffs' case was "with prejudice" on July 24, 1995, that the district court must have intended to terminate the third-party action on the latter date as well. Counsel for Menard reported that he had no knowledge of any dismissal of the third-party complaint.
 
 
 6
 While we regret very much the need to delay resolution of this case any further, we have concluded that we must remand this case to the district court for clarification of its orders of March 3, 1995, and of July 24, 1995. Rule 55 of the Federal Rules of Civil Procedure draws a distinction between an entry of a default, Rule 55(a), and the entry of judgment by default, Rule 55(b). The entry of a default may be set aside by the court for good cause shown, but a judgment by default may be set aside only in accordance with Rule 60(b). Rule 55(c). The nature of the order against National Plan Service may become important, depending upon the outcome of any appeal that might be properly filed with respect to the dispute between the Thackers and Menard. Of course, if the judgment of the district court were to be affirmed, then it is plain that National Plan Service would have no interest or exposure, and its default would be of no practical consequence. If, on the other hand, this Court were to reverse all or part of the district court's summary judgment for Menard, National Plan Service would be in a very different posture.
 
 
 7
 Beyond those practical implications, the fact remains that, under Rule 54(b), if the judgment of the district court has not disposed of all the claims of all the parties, it does not terminate the action in the district court. This means that we do not have a final judgment for purposes of 28 U.S.C. § 1291 and, therefore, lack jurisdiction. See National Metalcrafters, Division of Keystone Consol. Industries v. McNeil, 784 F.2d 817, 821 (7th Cir.1986).
 
 
 8
 If the district court intended to enter final judgment on the case as a whole, it can enter the necessary orders on remand. Any further appeal will return to this panel for decision. A party filing a notice of appeal should notify the Clerk of this reservation. We suspect that no further briefing or argument will be required.
 
 
 9
 At this time, the appeal is DISMISSED for want of jurisdiction.